### APPEAL OF SAMUEL E. PRATHER.

Docket No. 2516.   Decided November 26, 1926.

The petitioner created a trust by a conveyance of a life estate in certain real property. Subsequently he expended certain moneys in the construction of a levee upon the premises, the life estate in which he had conveyed, and deducted the amount of such expenditure on his return for that year. The Commissioner disallowed the deduction and determined that the expenditure should be amortized over the petitioner's expectancy as a life tenant. *Held*, that the expenditure was an additional gift to the trust and that the petitioner is entitled to no deduction by reason thereof.

*W. Frank Gibbs, Esq.*, for the Commissioner.

The petitioner has appealed from the determination of a deficiency in income tax for the year 1919 in the sum of $840.32, and in his petition alleges the following errors:

(1) The Commissioner erred in transferring from taxable income of Ida Prather, wife of the petitioner, to the taxable income of the petitioner the sum of $2,800.

(2) The Commissioner erred in disallowing depreciation claimed in the return of the petitioner for the year 1919.

(3) The Commissioner erred in amortizing the petitioner's claim for improvements made upon the property in which he held a life interest.

### FINDINGS OF FACT.

For many years prior to March 1, 1906, the petitioner held a life estate in certain Illinois farm lands. The remainder of the estate was vested in his children. On that date he created a trust by conveying to a trustee certain properties, including the life estate above referred to. By the terms of the trust there was to be paid to him annually a stipulated sum of money, the amount of which is not disclosed by the record, and to his wife, Ida Prather, the sum of $2,000 per annum.

In the year 1919 the trustee paid to Ida Prather the sum of $2,800, which amount was reported by her as separate income. The Commissioner concluded that this amount was income to the husband and added it to his gross income for such year.

In 1918 the petitioner expended $3,865.96 in the construction of a levee on the lands in which he had previously had a life estate and which had been conveyed to the trustee, and claimed such amount as a deduction in his return for that year. This deduction was denied by the Commissioner and the amount thereof amortized over the petitioner's expectancy as a life tenant. In the recomputation of the petitioner's income for the year 1919, the Commissioner deducted the sum of $441.67 by reason of the expenditures so amortized.

### OPINION.

GREEN: The first allegation of error relates to the inclusion in the petitioner's income of the sum of $2,800 paid by the trustee to the wife of the petitioner. In his answer the Commissioner concedes that of this amount $2,000 was the separate income of the wife and that it should not have been included in the income of the husband. As to the remaining $800, there is neither evidence nor admission, and we therefore hold that the petitioner's net income should be reduced by the sum of $2,000.

The second allegation of error relates to the depreciation disallowed. No evidence having been introduced, and there being no admissions in the pleadings as to this allegation of error, we must approve the action of the Commissioner in this regard.

There remain only the questions presented by the third allegation of error. The petitioner, by certain conveyances, created a trust. Among the properties conveyed to the trustee was his life estate in certain lands. After the creation of the trust and the conveyance above referred to, the petitioner expended the sum of $3,865.96 in the construction of a levee upon the lands in which he had held a life estate. The petitioner on his tax return for 1918 deducted as an expense the amount expended by him in the construction of the levee. This deduction was disallowed by the Commissioner upon the theory that the total expenditure should be amortized over the petitioner's expectancy as a life tenant. In his answer the Commissioner concedes that his action in this regard was in error and contends that the petitioner is entitled to no deduction whatever by reason of the expenditure.

If we are correct in our understanding of the facts in this proceeding, both parties have misconceived the situation, for both are apparently proceeding upon the theory that the expenditure was made by the petitioner upon properties in which he held a life estate. It seems to us that the petitioner made the expenditure as a gift to the trust. He had prior thereto definitely parted with any interest which he had as a life tenant and his only interest in the property was that of *cestui que trust*. We conclude that the expenditure was by way of enlargement of the trust *res* or an additional contribution to the trust, and that therefore the petitioner is entitled to no deduction by reason thereof.

> *Judgment will be entered after 15 days'*
> *notice, under Rule 50.*